IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William B. A.,[1] | Civil Action No.: 1:25-6110-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, Commissioner of Social Security Administration, | |
| Defendant. | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C. In her Report, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 28.) Plaintiff filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report, thereby reversing and remanding the Commissioner's final decision for further administrative review.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

## BACKGROUND

Plaintiff previously filed an application for DIB on September 22, 2016, which was denied by an administrative law judge ("ALJ") on May 28, 2019. The Appeals Council denied review on May 20, 2020, rendering the prior ALJ's decision a final determination, and it does not appear that Plaintiff otherwise appealed the prior ALJ's decision.

Plaintiff subsequently filed an application for DIB on March 10, 2021, alleging a disability onset date of September 19, 2016. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on February 13, 2024. On April 17, 2024, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on June 23, 2025. (ECF No. 1.)

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II. Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from May 29, 2019, through his date last insured of December 31, 2021. Next, the ALJ determined that, from May 29, 2019, through the date last insured, Plaintiff had the following severe impairments: cardiac dysrhythmias/afibrillaton with a history of radiofrequency ablation; post-traumatic stress disorder ("PTSD"); and depressive disorder. At step three, the ALJ found that, from May 29, 2019, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that, from May 29, 2019, through the date last insured, Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) except that Plaintiff: could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs; could occasionally balance, kneel, stoop, crouch, and crawl; could frequently reach overhead with bilateral upper extremities; could not work at unprotected heights or with dangerous unprotected moving mechanical parts; could not work with pulmonary irritants, such as concentrated amounts of dusts, noxious odors, fumes, mists, gases, seasonal allergens, or poorly ventilated workspaces; could not work in extreme cold or heat, with vibration, or in very loud conditions; could occasionally interact with coworkers but should have no more than incidental contact iwth the public; could tolerate few changes in a routine work setting defined as no more than four people in the claimant's immediate work area; and might miss one day of work every two or three months. Based on this RFC, the ALJ determined at step four that Plaintiff could not have performed any past relevant work, but that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the

national economy that Plaintiff could have performed. Accordingly, the ALJ found that Plaintiff was not under a disability, as defined by the Act, at any time between May 29, 2019, through December 31, 2021, the date last insured.

## II. The Court's Review

In his brief, Plaintiff alleges that the ALJ erred by: (1) failing to evaluate the combined effect of all Plaintiff's severe and non-severe impairments; (2) disregarding evidence of Plaintiff's physical and mental impairments in considering Listings 4.05, 12.04, and 12.15; (3) not evaluating his symptoms in accordance with SSR 16-3p and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (4) cherry-picking the record and ignoring years of psychiatric records documenting nightmares, hypervigilance, and avoidance; (5) failing to properly consider Plaintiff's wife's testimony; (6) disregarding the impacts of Plaintiff's medication use; (7) improperly rejecting evidence after Plaintiff's date last insured; (8) dismissing evidence from Plaintiff's treating physicians and relying primarily on non-examining state agency consultants' opinions; (9) basing the RFC assessment on lay opinion not supported by substantial evidence; and (10) relying on VE testimony that was derived from incomplete hypothetical questions that failed to account for all of Plaintiff's limitations.

In her Report, the Magistrate Judge agreed with Plaintiff that the ALJ erred in disregarding records from the Charleston VAMC and by failing to fully develop the record to fill gaps in the evidence. (*See* ECF No. 28 at 32-40.) As the Magistrate Judge explained, although the disability examiner requested records from the VAMC, she did not request all of the relevant records, given that she requested records from the Charleston VAMC for the date range of December 1, 2020, through March 25, 2022, when she should

have requested records for the period beginning in May 2019. As a result, the Magistrate Judge noted that the court is devoid of more than 18 months of records from the Charleston VAMC, Plaintiff's primary treatment provider during the period. The Magistrate Judge also noted that it does not appear that the ALJ realized that the record was incomplete, or that Plaintiff's counsel intentionally misled the ALJ regarding the completeness of the record. Nevertheless, because the record before the ALJ was incomplete and lacked over 18 months of records from Plaintiff's primary treatment source during the 31-month relevant period, the Magistrate Judge found that the ALJ failed to adequately develop the record, and that such failure was prejudicial to Plaintiff, thereby requiring remand. (ECF No. 28 at 38 (quoting *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980) (other citations omitted) ("Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded.").

The Commissioner did not file objections to the Magistrate Judge's Report, but Plaintiff did. (ECF No. 30.) In his objections, however, Plaintiff does not object to the Magistrate Judge's conclusion that the ALJ's decision is not supported by substantial evidence because the record was not fully developed. (*Id.* at 1.) Instead, Plaintiff objects only to the Magistrate Judge's recommendation that the matter be remanded for further administrative proceedings. According to Plaintiff, the Court should simply remand the matter for a calculation and award of benefits under sentence four of 42 U.S.C. § 405(g) because further administrative proceedings would serve no useful purpose and would result in unjust delay.

After review, the Court first notes that it agrees with the Magistrate Judge that the

record before the ALJ was incomplete and not fully developed as required by the applicable law. Next, the Court is not persuaded by Plaintiff's objections to remand the matter simply for a calculation of benefits. Instead, the Court also agrees with the Magistrate Judge that a remand for further administrative proceedings is appropriate under the circumstances, as the incomplete record simply does not permit a disability determination at this time. Thus, the Court is not convinced by Plaintiff that further administrative proceedings would serve no useful purpose or would otherwise result in unjust delay. Accordingly, the Court overrules Plaintiff's objections.

## CONCLUSION

Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 28); the Court overrules Plaintiff's objections (ECF No. 30); and the Court reverses and remands the Commissioner's final decision for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), as outlined in the Magistrate Judge's Report.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 20, 2026
Charleston, South Carolina